101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jose HARRIS, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, III; Daniel A. Senkowski, Stanley Berg,
Defendants-Appellees.
 No. 96-2007.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 Gilbert Di Lucia, Cooperstown, NY, for appellant.
 Martin A. Hotvet, Assistant Attorney General, Albany, NY, for appellees.
 N.D.N.Y.
 AFFIRMED.
 Before OAKES, ALTIMARI, and WALKER, Jr., Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York (Pooler, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Plaintiff-appellant Jose Harris appeals from a judgment of the district court denying the plaintiff's motion and granting the defendants' cross-motion for summary judgment. Harris brought this action pursuant to 42 U.S.C. §§ 1983, 1985(2), and 1986 alleging that a prison disciplinary proceeding held on May 26, 1992 violated his constitutional rights.
 
 
 3
 During the relevant period, the plaintiff was a prisoner at Clinton Correctional Facility. On May 20, 1992, the plaintiff was charged with conspiring to murder a correction lieutenant. The plaintiff was charged with violating Rule 1.00, which provides that "All Penal Law offenses are prohibited and may be referred to law enforcement agencies for prosecution in the courts. In addition, departmental sanctions may be imposed for criminal behavior." 7 NYCRR 270.2(A). The plaintiff was also charged with violating Rule 100.11, which states that "Inmates shall not assault, inflict or attempt to inflict bodily harm upon any staff member." 7 NYCRR 270.2(B)(1)(ii). After a hearing, the plaintiff was found guilty and received a penalty of five years in the Special Housing Unit with loss of privileges and two and a half years recommended loss of good time.
 
 
 4
 We review the district court's grant of summary judgment de novo to determine whether a genuine issue of material fact exists. Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). We draw all inferences in the light most favorable to the nonmoving party. Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.3d 1219, 1223 (2d Cir.1994). Harris argues on appeal that 1) he was charged with a violation of the penal law and his Sixth Amendment rights were thereby violated because he did not have a speedy and public trial by an impartial jury, he was not given sufficient information concerning the nature of the accusation, he was not confronted with the witnesses against him, he was not permitted to cross-examine hostile witness, and he was not provided with counsel for his defense, and 2) under separation of powers principles, the judiciary cannot assign its duties to the executive branch. We affirm the grant of summary judgment substantially for the reasons set forth in the opinion of the district court.
 
 
 5
 The plaintiff's primary claim on appeal is that he was entitled to a criminal judicial proceeding with the attendant procedural protections because he was charged with having violated Rule 1.00 which prohibits "all Penal Law offenses." "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The plaintiff claims that "if a crime is committed by a prisoner in violation of the New York Penal Code, the prisoner MUST first be tried in a court of law." However, the incorporation of the definitional provisions of the penal code by the prison rules does not change the status of the proceedings.
 
 
 6
 We have considered the plaintiff's remaining contentions and find them to be unavailing substantially for the reasons stated by the district court and by the magistrate judge in his report-recommendation. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.